**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| KATHARINE WADE, Insurance Commissioner, State of Connecticut, | |
| Complainant, | Civil Action No. 3:18-cv-1636 (CSH) |
| v. | |
| MARK V. BURNS, An Individual, | **FEBRUARY 25, 2019** |
| Respondent. | |

## RULING ON COMMISSIONER WADE'S MOTION TO REMAND

**HAIGHT, Senior District Judge:**

Katharine Wade, the Insurance Commissioner for the State of Connecticut, issued an administrative complaint returnable in that agency against Mark Burns, alleging that Burns violated certain Connecticut statutes and agency regulations as a licensed participant in the insurance industry. Doc. 1-1.

Burns removed the case to this Court. He purportedly based that removal on the authority of 28 U.S.C. § 1442(a)(1), as well as 28 U.S.C. §§ 1331 and 1446. Noting that 28 U.S.C. 1442 provides only for removal of an action from a state *court*, this Court *sua sponte* directed the Commissioner to file a response which addressed the propriety of Burns's removal of the complaint against him from a state *agency*.

The Commissioner has now filed a motion to remand the proceeding back to her for adjudication by the agency. Burns opposes the motion and contends that the action falls within this

Court's jurisdiction.  This Ruling resolves the motion.

## I.  BACKGROUND

The Commissioner for Connecticut's Department of Insurance filed an administrative complaint against Burns on August 9, 2018, alleging specific acts that would constitute cause for the revocation or suspension of "licenses issued by the Insurance Department and/or the imposition of fines and other penalties."  Doc. 1-1 at 2, 9.  The complaint accuses Burns of making false representations, forging a customer's signature, becoming aggressive with another customer, and engaging in other violations of Connecticut state law while in the business of selling Medicare-adjacent policies known as Medicare Advantage ("MA") programs.  *Id.* at 2–8; Notice ¶ 2, 6.  Burns received the complaint on August 13, 2018.  Notice ¶ 5.

On September 28, 2018, Burns filed a "Notice of Removal of Administrative Action" in this Court, arguing that the Commissioner's action against Burns was removable pursuant to 28 U.S.C. § 1442(a)(1), which allows for actions in state court against federal officers or agencies to be removed to federal court.  *Id.* ¶ 1; 28 U.S.C. 1442 (2018).  Burns alleges that this statute applies to him because he was acting "under color" of federal law "in the presentation and marketing of the MA Program."  Notice ¶ 1.  He alternatively asserts the action is removable "because it implicates significant federal issues, to wit, Congressional preemption of any state regulation in the matters alleged."  *Id.*

On October 2, 2018, this Court issued a memorandum and order.  Doc. 6.  The Court questioned whether 28 U.S.C. § 1442 allowed for removal of this proceeding to federal court, given that the statute only provided for removal from a state court, not from an administrative agency.  *Id.* at 2.  Consequently, the order directed the Commissioner to answer this question in her response to

Burns's removal papers. *Id.* at 3. The Commissioner then filed a motion to remand proceedings back to her pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1447(c), asserting that removal to federal court was improper and, in any event, untimely. Docs. 9 at 1, 9-1 ("Comm. Mem.") at 2.

## II.    DISCUSSION

### A.    Meaning of "State Court"

The applicability of 28 U.S.C. § 1442, also known as the federal officer removal statute, to this action turns on (1) whether the Connecticut Department of Insurance constitutes a "state court" under the statute, and (2) whether Burns is a federal officer within the meaning of the statute. Section 1442 provides:

> (a) A civil action or criminal prosecution that is commenced in a *State court* and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
> > (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue . . . .

28 U.S.C. § 1442(a)(1) (2018) (emphasis added).

Section 1441, the general removal statute, similarly governs "any civil action brought in a *State court*." 28 U.S.C. § 1441(a) (2018) (emphasis added). The Court is unable to find precedent indicating that "State court" has different definitions across the various removal statutes, and so its

analysis here will rely upon cases that explore the meaning of the term within Section 1441 as well.[1]

The Second Circuit has not directly addressed the question of whether a particular state agency qualifies as a state court for the purposes of removal. *New York State Div. of Human Rights on Complaint of Housing Opportunities Made Equal, Inc. v. Folino*, No. 11-CV-569A, 2011 WL 11068867, at *2 (W.D.N.Y. July 11, 2011) ("Absent explicit guidance from the Court of Appeals for the Second Circuit, this Court adopts the reasoning from the Ninth and Tenth Circuits as persuasive."). This district court must accordingly turn to other courts for specific authority. As the Commissioner points out, the circuits are split on this question. Comm. Mem. at 6.

Some circuits rely upon a "functional test."[2] Under the functional test, a court's approach is to "evaluate the functions, powers, and procedures of the state tribunal and consider those factors along with the respective state and federal interests in the subject matter and in the provision of a forum." *Floeter v. C.W. Transport, Inc.*, 597 F.2d 1100, 1102 (7th Cir. 1979) (citing *Volkswagen de Puerto Rico, Inc. v. Puerto Rico Labor Relations Bd.*, 454 F.2d 38, 44 (1st Cir. 1972)). Burns advocates for such an approach and cites *Upshur Cty. v. Rich*, 135 U.S. 467, 477 (1890), as support. Doc. 10 ("Burns Mem.") at 28. In *Upshur*, the Supreme Court held that a West Virginia county court

---

[1] Burns seemingly urges a broader interpretation for "State court" in Section 1442 than in Section 1441 by citing cases that generally state Section 1442 should be read expansively in light of the statute's purpose in protecting federal interests. *See*, *e.g.*, Burns Mem. at 10–11 (citing *Watson v. Phillip Morris Companies, Inc.*, 551 U.S. 142 (2007)). However, the usual rule of statutory interpretation "presume[s] that 'identical words used in different parts of the same act are intended to have the same meaning.'" *United States v. Cleveland Indians Baseball Co.*, 532 U.S. 200, 213 (2001) (citing *Atlantic Cleaners & Dyers, Inc. v. United States*, 286 U.S. 427, 433 (1932), *but see Yates v. United States*, 135 S. Ct. 1074, 1082 (2015) (citing cases in which "identical language may convey varying content when used in different statutes, sometimes even in different provisions of the same statute").

[2] The *Folino* opinion also notes that courts who used to apply the functional test have increasingly stepped away from it in recent years. *Folino*, 2011 WL 11068867, at *2.

was "not a judicial body, invested with judicial functions, except in the matters of probate, but is the executive or administrative board," and so the county court proceedings could not properly be removed to the federal circuit court. 135 U.S. at 477. While *Upshur* certainly uses a functional approach, the case predates the enactment and subsequent revisions of the removal statutes at issue here by a few decades.[3] *See* Act of June 25, 1948, Pub. L. No. 80-773, ch. 89, 62 Stat. 937, 938 (1948). The linear sequence of time thus excludes *Upshur* as binding precedent on the question of how exactly to interpret "State court" within the meaning of 28 U.S.C. §§ 1441, 1442.

Other circuits use the "plain meaning" approach. *See Porter Trust v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1254–55 (10th Cir. 2010); *Ore. Bureau of Labor & Indus. ex rel. Richardson v. U.S. W. Commc'ns, Inc.*, 288 F.3d 414, 417–18 (9th Cir. 2002) ("The plain language of 28 U.S.C. § 1441(a) limits removal to cases pending before a 'state court' . . . . The term is clear and consistent with the overall statutory scheme for removals because it is used repeatedly throughout the removal statutes and is the only term used in reference to the tribunal from which removal may be taken.").

The only case in the Second Circuit to consider this question chose to use plain meaning as well. *New York State Div. of Human Rights on Complaint of Housing Opportunities Made Equal, Inc. v. Folino*, No. 11-CV-569A, 2011 WL 11068867, at *2 (W.D.N.Y. July 11, 2011). Although the *Folino* court was interpreting the general removal statute, in the case at bar this Court will follow its sister district court because I consider *Folino* to be persuasive, and for the added benefit of intra-circuit harmony in the application of plain meaning across the broad spectrum of federal removal

---

[3] The other case in this Circuit upon which Burns relies also predates the removal statutes. *See* Burns Mem. at 42 (citing *Cappetta v. Atlantic Refining Co.*, 12 F. Supp. 89 (D. Conn. 1935)).

statutes.

### 1. Plain Meaning

"Our first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case. Our inquiry must cease if the statutory language is unambiguous and the statutory scheme is coherent and consistent." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997) (internal quotation marks and citations omitted).

The plain language of 28 U.S.C. § 1442(a) limits removals to "civil action[s]" and "criminal prosecution[s]" brought in "a State court." The statute makes no mention of administrative agencies or administrative proceedings. Nor does it use ambiguous language such as "tribunal" or "decision-making body"" that would signal legislators' intent to allow "State court" to be interpreted more broadly. *See Folino*, 2011 WL 11068867, at *2. This does not appear to be an oversight. In fact, the statute provides a definition of sorts for "State court," but it only allows for geographical flexibility, not functional flexibility: "The term 'State court' includes the Superior Court of the District of Columbia, a court of a United States territory or insular possession, and a tribal court." 28 U.S.C. § 1442(d)(6) (2018). "Of all of the different governmental entities at the state and local level that make and enforce decisions, Congress chose only one type of entity—state courts—to subject to the federal removal process." *Folino*, 2011 WL 11068867, at *2.

The Department of Insurance is not a state court as understood within the State of Connecticut's court system. *See* About Connecticut Courts, Organization of the Courts, *State of Connecticut: Judicial Branch*, https://www.jud.ct.gov/ystday/orgcourt.html (last visited February 11, 2019). Rather, the Department of Insurance is one of the many departments and agencies of the state. *See* Departments and Agencies, *Connecticut's Official State Website*,

6

https://portal.ct.gov/Government/Departments-and-Agencies/Departments-and-Agencies (last visited February 11, 2019).  The plain meaning inquiry ends with the conclusion that the Department of Insurance is not a "State court" within the meaning of federal officer removal statute or the general removal statute.  Accordingly, removal to this Court had no statutory basis and so remand back to the Department of Insurance is appropriate.

> ### 2.  Functional Test[4]

Burns strongly advocates that the Court adopt the functional test for 28 U.S.C. § 1442 as set out in *Kolibash v. Comm. on Legal Ethics of W. Va. Bar*, 872 F.2d 571 (4th Cir. 1989).  Burns Mem. at 29, 39.  The *Kolibash* Court set a low standard for federal officer removal: "If a state investigative body operates in an adjudicatory manner, and if a federal officer or his agent is subject to its process, the statutory requirements of § 1442(a)(1) are satisfied."  872 F.2d at 576 (citing *Volkswagen de Puerto Rico, Inc. v. Puerto Rico Labor Relations Bd.*, 454 F.2d 38, 43–45 (1st Cir. 1972)).  *Kolibash* is not binding precedent, nor does the Court agree with Burns that the *Kolibash* fact pattern resembles the circumstances here.  In *Kolibash*, it was the United States Attorney, who is clearly a federal officer, facing state disciplinary proceedings.  872  F.2d at 572.  Burns's status as a federal officer or agent is much more nebulous.

---

[4]    The Second Circuit has spoken on 28 U.S.C. § 1442, but it has not adopted the functional test and already assumes that proceedings originate from a "State court."  *See In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) ("The federal officer removal statute, in relevant part, permits the removal of cases commenced in *state court* . . . . A defendant who is not a federal officer or agency must satisfy three elements to have a suit against it removed under this statute. First, it must show that it is a 'person' within the meaning of the statute. Second, it must establish that it was 'acting under' a federal officer, which subsumes the existence of a '"causal connection" between the charged conduct and asserted official authority.' Finally, the defendant must raise a colorable federal defense." (emphasis added) (internal citations omitted)).

Regardless, the Court also follows the lead of the *Folino* court in declining to apply the functional test. *Folino*, 2011 WL 11068867, at *2 (quoting *Ore. Bureau of Labor & Indus. Ex rel. Richardson v. U.S. W. Commc'ns, Inc.*, 288 F.3d 414, 418–19 (9th Cir. 2002) ("The functional test goes beyond the language of the statute, because the functional test is a judicially-developed analysis that neither appears in, nor is necessarily implied by, the statutory language. The settled law in this circuit, however, is that we do not go beyond clear and consistent statutory language. Because the statutory language here is clear and consistent, we may not go beyond it to adopt the functional test.")).

**B.    Substantial Federal Question Test**

Burns asserts an alternative basis for removal. He argues that 28 U.S.C. § 1331 allows for removal because this case raises a "a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressional approved balance of federal and state responsibilities." Notice ¶ 45 (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (quotation marks omitted)). Specifically, Burns contends that the substantial federal question in need of resolution, given the purported preemption of state law with respect to Medicare Advantage plans, is "by what legal authority does the Insurance Commissioner of the State of Connecticut assert a right to take adjudicatory action which will ultimately impose additional or variant standards, conditions, limitations, restrictions or other requirements on the marketing and/or delivery of the MA Program?" Notice ¶ 47.

A closer look at the relevant federal statutes shows that Burns is wrong about federal law preempting state law in the arena of Medicare Advantage marketing. He quotes 42 U.S.C. § 1395w-26(b)(3) as support for his preemption argument: "The standards established under this part shall

supersede any State law or regulation (*other than State licensing laws* or State laws relating to plan

solvency) with respect to MA plans which are offered by MA organizations under this part." Burns

Mem. at 26 (emphasis added). The administrative complaint makes clear that it concerns a state

licensing issue. Doc. 1-1 at 2. Burns also admits that federal regulations require him to "hold a

state-issued 'insurance-producer' license." Burns. Mem. at 5; *see also* Doc. 11 at 9 ("Plans/Part D

Sponsors *must comply with applicable State licensure and/or appointment laws* when engaging with

marketing representatives to sell Medicare products.") (emphasis added). That the federal statutes

and regulations have so clearly delegated licensing responsibility to the states wholly undermines

Burns's position here. Without preemption, Burns is effectively arguing that the state of Connecticut

does not have the authority to suspend or revoke a license—that the state issued to him in the first

place—for violating state statutory laws. The Court sees no federal issues here.

Congress explicitly left space for states to regulate the *marketing* of Medicare Advantage

programs, and it is within this delegated space that the Department of Insurance operates. Because

the assumption underlying Burns's proposed substantial federal question has no basis and the Court

cannot identify any other federal questions, removal based upon 28 U.S.C. § 1331 is unwarranted.

**C.      Timeliness of Removal**

Although the Court has already rejected Burns's substantive arguments, it is worth noting that

procedural limitations also prohibit the removal of this case from the Department of Insurance. "The

notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the

defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for

relief upon which such action or proceeding is based, or within 30 days after the service of summons

upon the defendant if such initial pleading has then been filed in court and is not required to be

served on the defendant, whichever period is shorter."  28 U.S.C. § 1446(b)(1) (2018).  Burns

acknowledges receipt of the administrative complaint on August 13, 2018, meaning he generally

needed to have filed the notice of removal before September 12, 2018.  *See* Notice ¶ 5.  Instead, the

notice was filed on September 28, 2018.  Doc. 1-4 at 2.

As noted by Burns, the Second Circuit has indeed held, albeit for diversity jurisdiction, that

"the 30-day period [does] not begin to run until the defendant received the first document from

which all of the facts giving rise to removability were evident—i.e., the complaint."  *Moltner v.*

*Starbucks Coffee Co.*, 624 F.3d 34, 37 (2d Cir. 2010) (citing *Whitaker v. American Telecasting, Inc.*,

261 F.3d 196, 206 (2d Cir. 2001)).  "While this standard requires a defendant to apply a reasonable

amount of intelligence in ascertaining removability, it does not require a defendant to look beyond

the initial pleading for facts giving rise to removability."  *Whitaker*, 261 F.3d at 206.

Burns argues that "[t]he running of the 30-day time period has yet even to have been triggered

on the face of the Commissioner's Complaint."  Burns Mem. at 47.  In support, he alleges that the

administrative complaint fails (1) to allege the specific statutes implicated, (2) to state that the

Commissioner is seeking to enforce federal guidelines or law, and (3) to aver any federal authority.

*Id.*

At a superficial level, Burns is correct about the standard as applied to this case.  It is true that

the complaint does not set forth the bases for removal predicated upon federal question jurisdiction.

Moreover, "[t]he presence or absence of federal-question jurisdiction is governed by 'the well-

pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question

is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*,

482 U.S. 386, 392 (1987).  Because the administrative complaint does not set forth federal question

jurisdiction, it is also true that the thirty-day period has not yet begun to run. As explained *infra*, however, federal question jurisdiction does not exist because the Department of Insurance is not implicating federal law when exercising powers incidental to its state licensing duties.

If this Court had hypothetically found that there is federal question jurisdiction, it would have been because the administrative complaint had adequately established it. It then necessarily follows that the thirty-day period began with Burns's receipt of the complaint on August 13, 2018. Accordingly, even if federal question jurisdiction existed with respect to the Commissioner's state regulatory complaint, removal to this Court for adjudication is time-barred because the notice of removal was filed outside of the thirty-day removal period mandated by 28 U.S.C. § 1446(b)(1).

### III.   CONCLUSION

The Commissioner's Motion to Remand, [Doc. 9], is GRANTED, and this action is remanded back to the State of Connecticut Department of Insurance. This Ruling neither expresses nor intimates any view on the merits. As there are no remaining claims in this matter, the Clerk of Court is directed to close this case.


It is SO ORDERED.

Dated: New Haven, Connecticut
February 25, 2019


 */s/ Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge